# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

TISHA L. PHIFER                                                               PLAINTIFF

V.                             NO. 4:17CV00157 BSM/PSH

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF
SOCIAL SECURITY ADMINISTRATION                               DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction:

Plaintiff, Tisha L. Phifer, applied for disability benefits on November 25, 2013, alleging a disability onset date of July 31, 2013. (Tr. at 17). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 26). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Phifer has requested judicial review.

For the reasons stated below, the Court should affirm the decision of the Commissioner.

## II. The Commissioner's Decision:

The ALJ found that Ms. Phifer had not engaged in substantial gainful activity since the alleged onset date of July 31, 2013. (Tr. at 19). At Step Two of the sequential five-step analysis,

the ALJ found that Ms. Phifer has the severe impairment of degenerative disc disease. *Id.*

The ALJ found that Ms. Phifer's impairment did not meet or equal a listed impairment. (Tr. at 20). Before proceeding to Step Four, the ALJ determined that Phifer had the residual functional capacity ("RFC") to perform work at the sedentary level, except she would have to avoid constant, repetitive bending. *Id.*

The ALJ next found that Ms. Phifer was able to perform past relevant work as a warehouse worker, waitress, and telemarketer. (Tr. at 25). The ALJ made an alternative finding at Step Five. He relied on the testimony of a Vocational Expert ("VE") to find that, considering Ms. Phifer's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform. (Tr. at 25-26). Therefore, the ALJ found that Ms. Phifer was not disabled. *Id*.

## III. Discussion:

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B.   Ms. Phifer's Arguments on Appeal

Ms. Phifer contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that: 1) the ALJ erred by not conducting the Psychiatric Review Technique ("PRT"); and 2) he did not give proper weight to the opinion of treating physician, Dr. Mike Umerah, M.D. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

The sparse record is made up almost entirely of records from Dr. Umerah. Ms. Phifer treated with him on a handful of occasions from 2012 to 2015. (Tr. at 270-315). She reported back pain, and Dr. Umerah found limited flexion and extension as well as lumbar tenderness. *Id*. He diagnosed degenerative disc disease and anxiety/depression. *Id.* He prescribed painkillers, and Ms. Phifer reported at almost all of the visits that her pain was at a level 2-3 with the aid of the medications. (Tr. at 275-304). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). On only one occasion, in August 2015, Ms. Phifer's pain rated a 9 out of 10. (Tr. at 329).

Dr. Umerah did not order any objective imaging, and he did not suggest more than conservative treatment. Ms. Phifer did not see a pain specialist, undergo injections, or seek surgical

3

intervention. The need for only conservative treatment contradicts allegations of disabling pain. *Smith v. Shalala*, 987 F.2d 1371, 1374 (8th Cir. 1993).

On February 25, 2014, Ms. Phifer reported that her anxiety/depression was stable. (Tr. at 292). She said she was doing well in July and October 2015, and that she was sleeping better as of August 25, 2014. (Tr. at 307-315). Improvement in condition supports an ALJ's finding that a claimant is not disabled. *See Lochner v. Sullivan*, 968, F.2d 725, 728 (8th Cir. 1992). Additionally, the record contains no evidence of mental health treatment or inpatient psychiatric hospitalization. Ms. Phifer reported to the disability interviewer that she had no difficulty with concentration, coherency, understanding, answering, or talking. (Tr. at 188). She said she could pay attention, finish what she starts, and follow instructions very well. (Tr. at 212). The record does not support the existence of a severe mental impairment.

Nevertheless, Ms. Phifer contends that the ALJ committed reversible error by not conducting a PRT for her mental health condition. The PRT rates a claimant's degree of functional mental limitation in four broad areas: activities of daily living; social functioning; concentration, persistence, and pace; and episodes of decompensation. 20 C.F.R. §§ 404.1520a(b)(2), (c)(2)-(4), 416.920a(b)(2), (c)(2)-(4). The PRT is used to assess the severity of a claimant's impairment at Step Two, and to determine whether a claimant meets a Listing at Step Three. *Id*. The standardized PRT form is now used only at the initial and reconsideration levels; at the ALJ hearing and Appeals Council levels, documentation of the application of the PRT is in the decision itself, rather than on a separate form. 20 C.F.R. §§ 404.1520a(e), 416.920a(e) (2007). If a psychological examiner completed a form before the hearing and the ALJ discussed the technique within the decision, the ALJ has met the requirement for assessment of mental impairments. *Id.*; *Montgomery v. Shalala*,

30 F.3d 98, 100 (8th Cir. 1994)*; Craig v. Astrue,* 2013 U.S. Dist. LEXIS *16 (W.D. Ark. February 25, 2013). Moreover, if an ALJ fails altogether to use the technique, it may still constitute harmless error. *Cuthrell v. Astrue*, 702 F.3d 1114, 1117-8 (8th Cir. 2013). This court has found harmless error where there is no credible evidence of a severe mental impairment. *Nielson v. Barnhart*, 88 F. Appx. 145, 147 (8th Cir. 2004).

Here, the ALJ cited to the opinion of the state-agency psychiatrist, in which the psychiatrist discussed his PRT findings. (Tr. at 20). The physician, Dr. Winston Brown, M.D., assessed mild limitations in the four broad functional areas. (Tr. at 88). He noted that Ms. Phifer's anxiety and depression were stable and that they did not constitute a severe impairment, and the ALJ agreed. *See Gowell v. Apfel*, 242 F.3d 793, 797 (8th Cir. 2001)(a diagnosis of a mental impairment does not establish it as a severe impairment). Here, the ALJ fulfilled his duty to analyze the medical record and incorporate the findings therein. He properly assessed the reconsideration-level PRT to find that anxiety and depression were not severe impairments.

Ms. Phifer's argument that the ALJ should have ordered a consultative psychiatric examination fails. It is well-settled that a Plaintiff has the burden of proving her disability; the ALJ does not have to play counsel for the Plaintiff. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). The ALJ is required to contact a treating or consulting physician only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011) The ALJ is not required to undertake a "fishing expedition" to obtain records he has no reason to believe exist. At the beginning of the hearing, Ms. Phifer's attorney indicated the record was complete, and at the end of the hearing, he did not ask for further examinations. (Tr. at 34).

Ms. Phifer did not allege mental impairments on her application. (Tr. at 69, 217-218). *See Partee v. Astrue*, 638 F.3d 860, 864 (8th Cir. 2011)(in affirming ALJ's finding of no mental impairment, the court noted that claimant did not allege mental impairment on the application for benefits). She did not treat with a mental health professional. She did not require hospitalization. Her complaints of mental health problems were sparse and mild. The ALJ had no reason to order a psychiatric evaluation; the record was fully developed.

Ms. Phifer's final argument is that the ALJ should have given more weight to the medical source statement completed by Dr. Umerah. Dr. Umerah completed a check-box form on November 2, 2015, indicating that Ms. Phifer could only sit 2 hours per day, stand and walk 1 hour per day, and would need a break every 45 minutes during the workday. (Tr. at 324). He said she would miss more than four days of work per month. (Tr. at 325). Dr. Umerah did not cite to his own records or any objective testing to support his opinion. A conclusory check-box form has little evidentiary value when it cites to no medical evidence and provides little or no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012). Moreover, the restrictions Dr. Umerah suggested do not align with Ms. Phifer's functional abilities based on her activities of daily living. She said she gets her kids off to school, helps them with their homework, attends to her personal hygiene, does dishes and laundry, and makes meals for the family on occasion. (Tr. at 207-209). She also shops for groceries, attends her kids' school activities, and goes to church. (Tr. at 210-211). Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003).

Finally, Dr. Umerah's opinion is not consistent with that of the state agency medical consultants. Dr. Janet Cathey, M.D., and Dr. Brett Alberty, M.D., found that Ms. Phifer could

perform work at the sedentary level. (Tr. at 57, 80). Given Ms. Phifer's conservative treatment, response to pain medication, and ability to engage in daily activities, Dr. Umerah's finding of significant restrictions was not persuasive. The ALJ properly evaluated his opinion.

## VI. **Conclusion:**

There is substantial evidence to support the Commissioner's decision that Ms. Phifer was not disabled. The ALJ fulfilled his duty at Step Two and properly evaluated the opinion of Dr. Umerah. The decision, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 26th day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE